**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

MATTHEW MCDONALD, et al.,

          Plaintiffs,

v.

EDWARD G. ROBINSON III, et al.,

          Defendants.

Case No.:  1:18-cv-00697-LMB/TCB

---

<u>**DEFENDANTS' EDWARD G. ROBINSON AND EDWARD G. ROBINSON III CONSULTING, LLC MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BASED UPON LACK OF IN PERSONAM JURISDICTION (FED. R. CIV. PRO. 12(b)(2)); AND, ALTERNATIVELY FOR IMPROPER VENUE (FED. R. CIV. PRO. 12(b)(3))**</u>

**COMES** now Defendants Edward G. Robinson III (hereinafter referred to as "Defendant Robinson" or "Defendant") and Edward G. Robinson III Consulting, LLC (hereinafter referred to as "EGIII") ("Robinson" and "EGIII" are referred to herein as the "Robinson Defendants") by counsel, and pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. Pro.") 12 (b)(2); and, alternatively Fed. R. Civ. Pro. 12 (b)(3), submit the Memorandum of Law in support of their Motion to Dismiss with prejudice the styled matter filed herein by Plaintiffs Matthew McDonald ("McDonald") and MCD Holdings, LLC ("MCDH").

<u>**INTRODUCTION**</u>

The Complaint before this Court alleges a wide variety of Federal and state law claims

1

against Defendants related to high-risk real estate investments allegedly entered into by Plaintiffs with certain of the named Defendants between August 2015 and December 2017.[1] The Robinson Defendants are represented by undersigned in this case.

This Complaint fails to allege any facts supporting this Court's exercise of **in personam** jurisdiction over the Robinson Defendants.  The Complaint fails even mention "personal jurisdiction" within the context of the Robinson Defendants, or any of the other named Defendants.  The Complaint is silent as to any factual or legal statement warranting this Court's exercise of personal jurisdiction over the Robinson Defendants.  In fact, the Complaint alleges that Robinson is a resident and "citizen" of the District of Columbia, who allegedly owns and operates EGR III, a real estate investment and brokerage LLC, incorporated under the laws of the District of Columbia.  **Complaint, para. 8-9**.  No facts are alleged by Plaintiffs' supporting the establishment of sufficient, relevant contacts with this forum by the Robinson Defendants for purposes of **in personam jurisdiction** or venue.  **Complaint, passim**.

All of the other named Defendants are non-Virginia residents and domiciliaries, and the exercise of personal jurisdiction over them appears equally suspect.  For instance, Defendant Carla McPhun is allegedly a citizen and resident of the State of Maryland.  **Complaint, para. 10**.  Her alleged entity, Defendant Cadem Capital Group ("Cadem"), is an LLC organized under the laws of the State of Nevada, with principal places of business in Washington, D.C. and Las Vegas, NV. ("McPhun" and "Cadem" are referred to herein as the "McPhun Defendants").

---

[1] And, in several of those investments, Plaintiffs received the return that was estimated, and in some instances he received more than the estimated return.  **See** Complaint, at ¶ 34 (Plaintiff McDonald advanced $22,500 and "Robinson ultimately repaid McDonald a total of $35,000."); Complaint, at ¶¶ 40 and 41 (Plaintiff McDonald advanced $80,000.00, and received a return of $105,600.00.  This return "exceeded the $101,600" amount he was originally quoted on the investment); Complaint, at ¶¶ 118 and 122 (Plaintiff McDonald advanced $190,000.00, and received a payment in return of $300,000.00).

**Complaint, para. 11.**   No facts are alleged by Plaintiffs' supporting the establishment of sufficient, relevant contacts with this forum involving the McPhun Defendants for purposes of **in personam jurisdiction,** or venue. **Complaint, passim**.

Plaintiffs' further allege non-Virginia resident and domiciliary status respecting the remaining named Defendants.  Defendant Choice Management, LLC ("Choice") is allegedly a defunct Maryland LLC, with principal places of business in Las Vegas, NV or Washington, D.C. **Id. at para. 12.**  Choice is allegedly controlled by Defendant McPhun, and for purposes of this Motion - Defendant Choice is referred to as a part of the "McPhun Defendants." **Id**.

Defendant Christian D'Andrade ("D'Andrade") is allegedly a California resident and citizen. **Id. at para. 13.**

None of the alleged real estate projects, ventures or contracts appertain or relate to the Commonwealth of Virginia. The Complaint alleges that Robinson began communicating with Plaintiff McDonald, who is a resident and citizen of the State of Maryland, about investing in certain real estate ventures with certain of the other Defendants named in this case around August 2015.  **Complaint, paras. 6, 27**.  However, Plaintiff McDonald actually drafted many of the alleged contracts deeming him consciously aware of the extraordinarily high-risk associated with the unsecured transactions at issue.  S**ee Complaint Exhibits 1-3**.  Other alleged contracts, Mr. McDonald apparently revised or modified.  **See Complaint Exhibits 4, 6, and 14**.  None of the alleged contracts or transactions involve Virginia real estate, construction or development projects, or reference Virginia as the forum state for purposes of personal jurisdiction or venue in the event of litigation.  **Id**.

This Motion to Dismiss should be granted because Plaintiffs' Complaint, and the

allegations, provide no basis whatsoever upon which this Court may exercise personal jurisdiction and/or venue over the non-Virginia resident Robinson Defendants.

## ARGUMENT

### Summary Argument

Although Plaintiffs in this case raise manifold Federal and state law claims, they fail to properly plead that this Court has personal jurisdiction to hear any of these claims.  Plaintiffs' make no specific allegations meeting the standard for the exercise of personal jurisdiction over the Robinson Defendants, because they have failed to plead any facts undergirding the notion that the Robinson Defendants purposefully availed themselves of the privilege of conducting business in Virginia, or had even "minimum contacts" with the state.  None of the Defendants named in this Complaint are domiciled in Virginia, and none of the transactions or events giving rise to the allegations in this Complaint occurred in Virginia.  In fact, Plaintiffs fail altogether to assert any statutory authority in its Complaint by which this Court is sanctioned to extend personal jurisdiction over the nonresident Defendants in this case.  This Court lacks personal jurisdiction over the Robinson Defendants.

Plaintiffs' also fail to sufficiently plead that all or a substantial part of the events or omissions giving rising to Plaintiffs' claims occurred in the Eastern District of Virginia, that the real estate at issue in this case is located in Virginia, and that there is no other federal district Court in the United States that could hear this Compliant.  Although Plaintiffs' cite 28 U.S.C. § 1391 (b)(2) and (b)(3) as statutory support for its position that venue is proper in the Eastern District of Virginia, neither of these venue provisions provides any grounds for venue in this Court.

Having failed to alleged any fact supporting this Court exercise of personal jurisdiction over the Robinson Defendants, or the establishment of proper venue in the Eastern District of Virginia, this Complaint should be dismissed, with prejudice.

I.   **Defendants are Not Subject to the Personal Jurisdiction of this Court, therefore the Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2).**

For a Federal Court to exercise personal jurisdiction over a nonresident defendant, there must be a state long-arm statute that authorizes such jurisdiction; and, the exercise of this jurisdiction must comport with the Due Process requirements of the Fourteenth Amendment to the United States Constitution. **Walden v. Fiore**, 571 U.S. 277, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons; this is because a federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."); **Wright v. SunTrust Bank**, No. 1:11-CV-00041, 2011 WL 1984468, at *2 (S.D.W. Va. May 20, 2011); **see also** Federal Rule of Civil Procedure 4(k)(1)(A).

When a defendant challenges a court's exercise of personal jurisdiction, and the court addresses the question solely on the basis of pleadings, and supporting documentation, the plaintiff's burden is to make a **prima facie** showing of a sufficient jurisdictional basis. **See Prod. Grp. Int'l, Inc. v. Goldman**, 337 F. Supp. 2d 788, 792–93 (E.D. Va. 2004).

Plaintiffs have failed to make such a **prima facie** showing, here. First, nowhere in its Complaint do Plaintiffs specifically address this Court's statutory authority to exercise personal jurisdiction over the nonresident Robinson Defendants. Plaintiffs do assert this court has subject

matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332 (Complaint, at ¶ 4) and that venue is proper before this Court pursuant to 28 U.S.C. §§ 1391(b)(2) &(b)(3) (Complaint, at ¶ 5).[2] However, Plaintiffs' make no specific allegations regarding the Court's general or specific **in personam** jurisdiction, and makes no reference whatsoever to Virginia's long-arm Statute, Va. Code Ann. § 8.01-328.1, which authorizes the Court's exercise of personal jurisdiction over nonresident defendants, under certain circumstances.[3] This case must therefore be dismissed, with prejudice.

---

[2] Defendants challenge that this Court has venue over this case in Section II.A. and II.B, below.

[3] Under Virginia's long arm statute, "a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this Commonwealth; (2) Contracting to supply services or things in this Commonwealth; (3) Causing tortious injury by an act or omission in this Commonwealth; (4) Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth; (5) Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;(6) Having an interest in, using, or possessing real property in this Commonwealth; (7) Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting; (8) Having (i) executed an agreement in this Commonwealth which obligates the person to pay spousal support or child support to a domiciliary of this Commonwealth, or to a person who has satisfied the residency requirements in suits for annulments or divorce for members of the armed forces or civilian employees of the United States, including foreign service officers, pursuant to § 20-97, provided that proof of service of process on a nonresident party is made by a law-enforcement officer or other person authorized to serve process in the jurisdiction where the nonresident party is located; (ii) been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in personam jurisdiction over such person; or (iii) shown by personal conduct in this Commonwealth, as alleged by affidavit, that the person conceived or fathered a child in this Commonwealth; (9) Having maintained within this Commonwealth a matrimonial domicile at the time of separation of the parties upon which grounds for divorce or separate maintenance is based, or at the time a cause of action arose for divorce or separate maintenance or at the time of commencement of such suit, if the other party to the matrimonial relationship resides herein; or (10) Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth. (B) Using a computer or computer network located in the Commonwealth shall constitute an act in the Commonwealth. For purposes of this subsection, "use" and "computer network" shall have the same meanings as those contained in § 18.2-152.2; or (C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him; however, nothing contained in this chapter shall limit, restrict, or otherwise affect the jurisdiction of any court of this Commonwealth over foreign corporations that are subject to service of process pursuant to the provisions of any other statute. Va. Code Ann. § 8.01-328.1.

Moreover, Plaintiffs' have not plead facts warranting the application of the long arm statute within a context that would comport with the Due Process Clause in the 14th Amendment, or that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice.' " **Int'l Shoe Co. v. Washington**, 326 U.S. 310, 316 (1945) (quoting **Milliken v. Meyer**, 311 U.S. 457, 463 (1940).   Plaintiffs have not pled that this Court is authorized to exercise general jurisdiction in this case because it fails at the most basic level to show that the domicile of any of the Defendants is in the forum State, the Commonwealth of Virginia.  **Hirsch v. Johnson**, No. 1:14CV332 JCC/TRJ, 2014 WL 2916748, at *6 (E.D. Va. June 26, 2014).  Indeed, Plaintiffs concede in their Complaint that Robinson Defendants are not domiciled in Virginia, but Washington D.C.  **Complaint, at ¶¶ 8 and 9.**  The Complaint fails to allege any facts supporting a finding that the Robinson Defendants maintained continuous and systematic contacts with Virginia.  Because Plaintiffs' indeed admit in their Complaint, that Robinson Defendants do **not** reside in Virginia, have no business office in Virginia, maintain no agent for service of process in Virginia, and operate their business activities exclusively outside of Virginia, the Court may **not** exercise general personal jurisdiction in this case.  **Daimler AG v. Bauman**, 571 U.S. 117, 127, 134 S. Ct. 746, 754 (2014) ("[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.").

To determine whether specific personal jurisdiction exists, the Fourth Circuit requires a court to consider three (3) factors: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise

7

out of those activities directed at the State; **and** (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." **Liberty Mut. Fire Ins. Co. v. KB Home**, No. 4:13CV98, 2013 WL 6185882, at *4–5 (E.D. Va. Nov. 25, 2013) (citing **ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,** 293 F.3d 707, 711–12 (4th Cir.2002).

While Plaintiffs are not required to prove the merits of their case at this initial pleadings stage, they are required to at least properly plead allegations of specific personal jurisdiction.  It cannot be inferred.  Here, Plaintiffs have not sufficiently plead that the Robinson Defendants purposefully availed themselves of conducting activities in Virginia:

1.  Plaintiffs do not plead that the Robinson Defendants maintain offices or agents in Virginia.

2.  Plaintiffs do not plead that said Defendants own property in Virginia.

3.  Plaintiffs do not plead that said Defendants reached into Virginia to solicit or initiate business. (Although the Complaint references several communication with Plaintiff McDonald, wherein Robinson allegedly "facilitated" real estate investments, Plaintiff McDonald is domiciled in Maryland, as stated in the **Complaint at para. 6.**)

4.  Plaintiffs do not plead that said Defendants deliberately engaged in significant or long-term business activities in Virginia.

5.  Plaintiffs do not plead that said Defendants, through their agreements with Plaintiff McDonald, agreed that the law of Virginia would govern any disputes that might arise from their dealings.

6.  Plaintiffs do not plead that said Defendants made in-person contact with a resident in Virginia regarding a business relationship.

7. Plaintiffs do not plead that said Defendants "deliberately" engaged in significant activities within Virginia or created "continuing obligations" between himself and residents of Virginia.

8. Plaintiffs do not plead that said Defendants and Plaintiff agreed that performance of contractual duties would occur within Virginia.

9. Plaintiffs do not plead that any of the real estate involved in these transactions, by which Plaintiffs alleged to be injured, are located in Virginia.

See **Liberty Mut. Fire Ins. Co. v. KB Home**, No. 4:13CV98, 2013 WL 6185882, at *4–5 (E.D. Va. Nov. 25, 2013) (Lists non-exclusive factors considered by the Eastern District of Virginia Court in determining if a defendant purposefully availed itself of the privilege of conducting activities in the forum state.)

Plaintiffs' have failed to establish through their pleadings that the Robinson Defendants established "minimum contacts" with Virginia, and that their connection with the state was so substantial that they should have reasonably anticipated "being haled into court there." **Burger King Corp. v. Rudzewicz**, 471 U.S. 462, 474 (1985). What Plaintiffs have attempted to do in filing this Complaint is string together an elaborate set of events and activities involving many different characters, and through inference and insinuation, suggest that Defendants transactions with Plaintiffs create a "substantial connection" between the two Parties, and by implication, the State of Virginia also. But, this cannot stand. The Courts have rejected attempts to demonstrate "minimum contacts" by demonstrating contacts between the plaintiff (or third parties) and the forum State. **Walden v. Fiore**, 571 U.S. 277, 284 (2014) (citing **Helicopteros Nacionales de Colombia, S.A. v. Hall,** 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction").

When determining whether minimum contact exist with a forum state, "the relationship must arise out of contacts that the 'defendant **himself**' creates with the forum State.' " **Walden v. Fiore**, 571 U.S. 277, 284, 134 S. Ct. 1115, 1122, 188 L. Ed. 2d 12 (2014) (citing **Burger King Corp. v. Rudzewicz,** 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).  Defendants cannot be haled into Court in Virginia "solely as a result of 'random,' 'fortuitous,' or 'attenuated" contacts,' " or because of the "unilateral activity of another party or a third person." **Burger King Corp. v. Rudzewicz**, 471 U.S. 462, 475–76, 105 S. Ct. 2174, 2183–84, 85 L. Ed. 2d 528 (1985) (internal citations omitted.).

To the extent Plaintiffs assert that this Court can exercise personal jurisdiction because the Robinson Defendants' allegedly brokered real estate investments with Plaintiffs, and their alleged injuries have arisen from these investments, this is not nearly sufficient to demonstrate that Defendants purposefully engaged in activities in Virginia, and/or that Plaintiffs' claims arise out of those activities.  The Robinson Defendants patently reject the suggestion that they entered into any agreements with any person or entity in Virginia, as Plaintiff McDonald is domiciled in Maryland.[4]  Even if the claim that business agreements were executed between the Robinson Defendants and a Virginia resident or entity were true (which is not the case here), this, by itself, would still not be sufficient to establish personal jurisdiction in Virginia.  The Courts have ruled that "entering into a business agreement with a resident of the forum state does not, without more, subject a nonresident defendant to personal jurisdiction in Virginia," particularly when that alleged business agreement was both executed and performed outside the state of Virginia.  **Prod. Grp. Int'l, Inc. v. Goldman**, 337 F. Supp. 2d 788, 796 (E.D. Va. 2004) (citing **America Online,**

---

[4] Exhibits 2 and 3 of the Complaint reveal communications between Defendant Robinson and Plaintiff McDonald, whereby their conversations were memorialized in writing, and Plaintiff McDonald signed those documents in his individual capacity.

**Inc. v. Huang,** 106 F.Supp.2d 848, 855–56.  (E.D.Va.2000).  Defendants having initiated conversations with Plaintiff McDonald, exchanged telephone calls, emails and written communications related to the real estate investments in the Complaint also does not support personal jurisdiction by the Court.  **Prod. Grp. Int'l, Inc. v. Goldman**, 337 F. Supp. 2d 788, 796 (E.D. Va. 2004) (citing **America Online, Inc. v. Huang,** 106 F.Supp.2d 848, 855–56. (E.D.Va.2000) (citing **Unidyne Corp. v. Aerolineas Argentinas,** 590 F.Supp. 391, 396 (E.D.Va.1984) (holding "telex messages and letters **negotiating** a transaction are insufficient to form a basis for in personam jurisdiction"); see also **Hirsch v. Johnson**, No. 1:14CV332 JCC/TRJ, 2014 WL 2916748, at *5 (E.D. Va. June 26, 2014) ("Correspondence alone, however, is not sufficient to establish minimum contacts that satisfy due process…Generally speaking, correspondence and phone calls from out-of-state defendants to in-state plaintiffs are insufficient as a matter of law to establish the minimum contacts that satisfy due process.") (internal citations omitted).

The only other allegation that Plaintiffs suggest to perhaps create some connection with Virginia is the allegation that Plaintiffs' bank accounts are supposedly located in the Commonwealth of Virginia, and Plaintiffs' made payments to certain Defendants from those bank accounts, or that Plaintiffs received payments from Defendants in Washington D.C. and those payments were maybe deposited into their bank account in Virginia.  **(See Complaint, at ¶¶ 32, 40, 76, 106, and 122)**.  None of this is material for purposes of **in personam** jurisdiction.  Receiving funds from a bank account in the state of Virginia is not sufficient to subject Defendants to the state's regulation or bind the Robinson Defendants, who are nonresidents, to a judgment before this Court.  It is an implausible theory, which has already been rejected by the

Eastern District of Virginia Court.  In **Hirsch v. Johnson**, No. 1:14CV332 JCC/TRJ, 2014 WL 2916748 (E.D. Va. June 26, 2014), Plaintiffs asserted that the Court could exercise jurisdiction over the action because the Defendant (who lived and worked in Arizona) transferred funds at issue in the action to a bank located in Washington, DC, but headquartered in Oakton, Virginia. Id., at *6.  The Court found Plaintiff's argument flawed because "funds transferred to the Congressional Federal Credit Union in Washington, D.C. do not provide a basis for the exercise of jurisdiction in Virginia. That the bank is headquartered in Oakton, Virginia does not change this analysis."  The Court went on to state:

> Courts within the Fourth Circuit have found that a court may not obtain "quasi in rem jurisdiction over another party through service on the branch of a bank found in a district other than the district where the bank account is maintained." **Woodlands, Ltd., v. Westward Ins. Co., LTD,** 965 F.Supp. 13, 14–15 (D.Md.1997) (decided on the basis of federal admiralty law, but noting that Maryland law compelled the same result); **Sara Lee Corp. v. Gregg,** No. 1:02CV195, 2003 WL 23120116, at *3 (M.D.N.C. Dec. 18, 2013) ("The general rule is that each branch of a bank is considered a separate entity, and in no way concerned with accounts maintained by depositors in other branches or at the home office, when it comes to attachment or garnishment." (internal quotation marks omitted)). Accordingly, because the Congressional Federal Credit Union in Washington is a separate branch, and because the funds were wired to an account in Washington, D.C., not Virginia, this Court has no basis for exercising quasi in rem jurisdiction.

**Hirsch v. Johnson**, No. 1:14CV332 JCC/TRJ, 2014 WL 2916748, at *6 (E.D. Va. June 26, 2014)

Plaintiffs' has simply failed to allege any facts supporting personal jurisdiction respecting the Robinson Defendants.  The strained allegation that Plaintiff's Wells Fargo Bank account is located in the Commonwealth of Virginia is insufficient to establish personal jurisdiction, nor would it be "constitutionally reasonable."  This Complaint must be dismissed.

II.     **The Eastern District of Virginia is Not the Proper Venue for This Complaint, and Therefore this Complaint Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(3).**

Of course, in the absence of personal jurisdiction, the Plaintiffs cannot establish venue pursuant to 28 U.S.C. § 1391 (b)(2) or (b)(3), which states that venue is appropriate in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." **Gillison v. Lead Express, Inc.**, No. 3:16CV41, 2017 WL 1197821, at *14, n. 34 (E.D. Va. Mar. 30, 2017).  To the extent the Court finds that it does have personal jurisdiction over this Complaint, irrespective of the reasons discussed in Section I, **supra**, venue is improper in this District, nonetheless.

For venue to be proper in the Eastern District of Virginia, the case must fall within one of the three (3) venue categories listed in 28 U.S.C. § 1391(b).   The Eastern District of Virginia Courts have consistently held that in the case of venue objections pursuant to Rule 12(b)(3) of the Fed. R. Civ. P., "the plaintiff bears the burden of establishing that venue is proper." **Smithfield Packing Co. v. V. Suarez & Co.**, 857 F. Supp. 2d 581, 584 (E.D. Va. 2012) (internal citations omitted); **Liberty Mut. Fire Ins. Co. v. KB Home**, No. 4:13CV98, 2013 WL 6185882, at *3 (E.D. Va. Nov. 25, 2013) (citing **Sheppard v. Jacksonville Marine Supply, Inc.,** 877 F.Supp. 260, 269 (D.S.C.1995) ("When venue is challenged, it is the burden of the plaintiff to prove its propriety.").  To establish that venue is proper, Plaintiffs' must demonstrate that the particular geographic location where the action will be litigated is appropriate under federal venue laws. **JTH Tax, Inc. v. Hines**, No. 2:15CV558, 2016 WL 4582081, at *2 (E.D. Va. July 26, 2016), report and recommendation adopted, No. 2:15CV558, 2016 WL 4582056 (E.D. Va. Sept. 1, 2016) ("Analysis of whether a chosen venue is 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws ...." **Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas**, 134 S. Ct. 568, 577 (2013) (rejecting

claim that a forum selection clause plays any role in the determination of whether venue is improper). In the typical case, this venue inquiry turns upon "whether the case falls within one of the three categories set out in § 1391(b).").

The federal venue Statute cited by Plaintiffs in support of litigating this action in the Eastern District of Virginia, only allows civil actions to be brought in:

> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391 (b)(2) and (b)(3).

For the reasons explained in Section II. A. and II.B., below, neither provision of the cited Statute is relevant, and Plaintiffs' Complaint must therefore be dismissed.

> A.   Plaintiffs do not establish venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rising to Plaintiffs' claims did not occur in the Eastern District of Virginia.

In determining whether venue is proper under the Federal venue statute's "substantial part" provision, the Court must make an inquiry assessing the overall nature of the Plaintiffs' claims and the nature of the events or omissions alleged to have occurred in the Eastern District of Virginia. **Blount v. Greenbriar Pontiac Oldsmobile-GMC Trucks Kia, Inc.,** No. CIV.A.3:08CV622HEH, 2009 WL 256386, at *1 (E.D. Va. Feb. 3, 2009) ("In deciding whether a substantial part of the events occurred within a district—or division—the Court should look not only to the final dispute that led directly to the action, but 'the entire sequence of events underlying the claim.' **Mitrano,** 377 F.3d at 405 (citing **Uffner v. La Reunion Francaise, S.A.,** 244

F.3d 38, 42 (1st Cir.2001).")  The allegations, as pled, when viewed in their entirety, provide no plausible basis for venue in this Court pursuant to § 1391 (b)(2).[5]

The first indication that a "substantial part" of the events or omissions giving rise to Plaintiffs' claims did not occur in this judicial district is Plaintiffs' own Complaint. The gravamen of the Complaint fails to establish that the Robinson Defendants had any contacts whatsoever with Virginia, or the Eastern District of Virginia, specifically.  As the Complaint illuminates, the Robinson Defendants are residents of Washington, DC (Complaint, at ¶ 8, 9). Mr. McDonald, one of the Plaintiffs in this case, is a resident of Maryland, and the architectural and design firm he owns and operates -"McD Studios"- is located in Washington, DC.  Complaint, at ¶ 14.  The locus of Plaintiffs' claims against Mr. Robinson is that he allegedly engaged in fraudulent activity, through his consulting firm, by brokering real estate investment deals in support of some alleged association-in-fact enterprise.  The other named Defendants, who Plaintiffs allege are also a part of this alleged "association-in-fact enterprise" are similarly not residing in and not domiciled in the Eastern District of Virginia.

Plaintiffs' have also not sufficiently pled that the events or omissions alleged in the Complaint occurred in the Eastern District of Virginia, and what hand the Robinson Defendants had, specifically, therein.  While the Complaint focuses on transactions that were made and alleged "contracts" that were allegedly effectuated, the Robinson Defendants were not parties to any of the agreements alleged to exist between Plaintiffs and other named Defendants.  Plaintiffs reference two (2) written communications in Exhibits 2 and 3; however, these communications

---

[5] "Local Civil Rule 3(C) provides that '[t]he venue rules stated in 28 U.S.C. § 1391 et seq. also shall apply to determine the proper division in which an action shall be filed,' and that the venue rules in § 1391 'shall be construed as if the term[ ] ... "district" were replaced with the term "division." ' ".  **Williams v. Equity Holding Corp.**, No. CIV. 3:06CV783, 2007 WL 1202988, at *1 (E.D. Va. Feb. 9, 2007).

are not contracts. And, to the extent this Court views these emails as contracts, these "contracts" involved real estate located outside of the Eastern District of Virginia, and included no clause stating that the Parties' agreed to select Virginia as a forum state to resolve any disputes relate to these real estate projects. **Power Paragon, Inc. v. Precision Tech. USA, Inc**., 605 F. Supp. 2d 722, 730 (E.D. Va. 2008) ("Parties to a contract may include a choice of venue provision as part of their agreement. **See Bryant Elec. Co., Inc. v. City of Fredericksburg,** 762 F.2d 1192 n. 8 (4th Cir.1985)."). The Fourth Circuit has been clear that § 1391(b)(2) does not support venue in the Eastern District of Virginia when the justification for venue is that "[t]he disputed contract was delivered in Virginia…" and the contract is "insubstantial in relation to the totality of the events giving rise to this lawsuit," particularly if the bulk of events or transactions occurred outside of the forum state. **Liberty Mut. Fire Ins. Co. v. KB Home**, No. 4:13CV98, 2013 WL 6185882, at *6 (E.D. Va. Nov. 25, 2013).

As plead, none of these real estate investment transactions, much less "a substantial part," occurred in the Eastern District of Virginia, and therefore venue is improper here. In **W. Sur. Co. v. Marco Enterprises, Inc.**, No. 2:11CV408, 2011 WL 4434234, at *2 (E.D. Va. Sept. 22, 2011) the plaintiff alleged that the defendants breached contracts relating to three separate construction projects, one located in Virginia Beach, Virginia, and the other two located in the District of Columbia. The Court found that there were "no indications in the pleadings that 'a substantial part of the events or omissions giving rise to the claim occurred' within the Alexandria Division. The contracts at issue concerned projects located outside the division, in Virginia Beach and the District of Columbia, and no facts are alleged that provide any additional connections.".

To the extent that Plaintiffs allege that they have satisfied the requirement that a substantial part of the events or omissions giving rising to Plaintiffs' claims did occur in the Eastern District of Virginia because MCDH, which was organized and exists "under the laws of the Commonwealth of Virginia", made payments to Defendants and "all of MCDH's bank accounts are maintained in the Commonwealth of Virginia" (Complaint, at ¶1), Plaintiffs argument must fail for two reasons.  First, the Federal venue statute, when speaking to "judicial district," refers not to a state, but rather to a specific division within a state.  **See** FN. 1.  Simply pleading that "MCDH's corporate address is in the Commonwealth of Virginia, and all of MCDH's Wells Fargo bank accounts are maintained in the Commonwealth of Virginia" does not sufficiently allege that this Court, in the Eastern District of Virginia, has proper venue because the Court, MCDH and MCDH's bank accounts all exist in the same state.

Although Plaintiffs have attempted to dress up their claims regarding these aforementioned real estate investments as some illicit RICO scheme, similar to **W. Sur. Co.,** the events or omissions giving rise to Plaintiffs' claims arise out of run-of-the mill breach of contract claims, which occurred outside of the Eastern District of Virginia.  If there is no other connection to the Eastern District of Virginia, apart from the insufficient detail that Mr. McDonald's business, and his business bank accounts, are located somewhere in the Commonwealth of Virginia, Plaintiffs have not established that a substantial part of the events giving rise to the claims in the Complaint occurred in the Eastern District of Virginia.

  B. Plaintiffs Do Not Establish Venue Under 28 U.S.C. § 1391(b)(3) Because
    There is another District Where Venue Would be Proper.

Plaintiffs assert, presumably as an alternative to establishing venue under §1391(b)(2), that venue must be proper in the Eastern District of Virginia under § 1391(b)(3). However, § 1391(b)(3) is not an alternative to the other two sections of the Federal venue law. § 1391(b)(3) only applies in a very distinct circumstance: Plaintiffs must establish that there is no other district in the United States where venue would be proper for this action under either the residential venue provision, § 1391(b)(1), or the transaction venue provision, § 1391(b)(2). For all the reasons discussed, in Section II. and Section II.A, supra, a "substantial part" of Plaintiffs' claims arise out of real estate transactions in Maryland and Washington, D.C., and the Defendants alleged to have cause some injury related to those transactions reside and conduct business in Maryland and Washington, D.C., with the exception of one named Defendant who resides in California. The facts suggest that because a federal district Court in either Maryland or Washington, DC could have venue over this case, § 1391(b)(3) is inapplicable here. **Adhikari v. KBR, Inc.**, 2016 WL 4162012, at *9 (E.D. Va. 2016), citing Wright & Miller. ("Fallback venue provision did not apply because another district satisfied § 1391(b)(2). Fallback provision "only applies when no other federal district in the United States is an appropriate venue under § 1391(b)(1) or § 1391(b)(2)."); **Hirsch v. Johnson**, 2014 WL 2916748, *7 n.3 (E.D. Va. 2014), citing Wright, Miller, Cooper & Freer. (" Plaintiff erroneously relied upon venue under 28 U.S.C.A. § 1391(b)(3) in case in which venue was proper under § 1391(b)(2)."); **Fitzpatrick v. Allyn**, 2012 WL 346634, *3 (D. Md. 2012) ("Both subsection § 1391(b)(1) and subsection § 1391(b)(2) suggest venue in this case would be proper in the Southern District of New York. All of the defendants reside in New York, and the plaintiff does not allege any part of the events giving rise to the claim took place outside of New York. Because venue would be

proper in New York, subsection § 1391(b)(3) is inapplicable and venue is therefore not proper in Maryland—even in AHM Management is subject to personal jurisdiction in Maryland, as plaintiff appears to allege.").

### III.      Non-Party Keisha Williams

Plaintiffs have asserted many allegations related to the criminal complaint filed against Keisha Williams for conspiracy to commit wire fraud, and the affidavit in support of that Complaint alleging she and D'Andrade are conspirators in a larger investment scheme. (Complaint, at ¶¶ 221 and 222).  First, Keisha Williams is a non-party to this suit, and her indictment, coupled with the allegation that Defendant MCDH received a wire transfer from Keisha Williams & Associates ("KW&A") in the amount of $80,000, (Complaint, at ¶ 94) does not sufficiently identify how she is connected to this case, or that this Court has personal jurisdiction and venue over this case and the Robinson Defendants.  Plaintiffs have not pled that Ms. Williams is a resident of the state of Virginia, and that she transacted a "substantial part" of her business in the Eastern District of Virginia.  Asserting that the conspiracy scheme Ms. Williams is alleged to have created and carried out took place "in part within the Eastern District of Virginia" (Complaint, at ¶ 230), with no further elaboration, does not establish personal jurisdiction or satisfy the substantiality test for the purposes of exercising venue over the Defendants in this case.  As discussed in greater detail in Section I., the activities of a third person is "not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." **Haelicopteros Nacionales de Colombia, S.A. v. Hall,** 466 U.S. 408, 417 (1984).

Finally, Mr. McDonald claims to have had full knowledge of Ms. William's alleged

criminal past as far back as April 2017 (Complaint, at ¶¶ 137-139), yet allegedly continued working with named Defendants on several subsequent real estate investment projects after he made this discovery.  If nothing more, it evidences that Plaintiff McDonald himself believed Keisha Williams belonged to a criminal enterprise having no connection to Defendants, and that her business KW &W was a separate business entity or "enterprise" from the Robinson Defendants.  Any attempt to claim Defendants are somehow co-conspirators, is an attenuated argument, particularly for the purposes of proving jurisdiction.

Further, as the Complaint is written, the Complaint does not express complete certainty about the activities involved in Ms. Williams' alleged criminal enterprise, Defendant's connection or participation in those activities, or the effects of Ms. William's alleged criminal activities vis-à-vis the injuries suffered by Plaintiffs.  Plaintiffs' allegation that "Upon information and belief, Plaintiffs are among the largest victims of this elaborate fraud scam, Defendants were co-conspirators of Williams, and Williams' scam was part of the Enterprise" (Complaint, at 234) evinces that Plaintiffs actually lack first-hand personal knowledge of the validity of their own claims.[6]  Plaintiffs have made a feeble attempt to stitch together allegations from a separate, unrelated criminal proceeding in order to support conclusory allegations of criminal activity among Defendants in this case.  It is improper, and the Court should not be persuaded.

---

[6] § 8.01-271.1 of the Virginia Code states that the signature of an attorney or party on a pleading "constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Robinson Defendants respectfully request that this

Court grant their Motion to Dismiss the styled matter, with prejudice.


Respectfully Submitted,

Edward G. Robinson  and Edward G. Robinson III, LLC

**By Counsel**

**BAKER SIMMONS**
**Attorneys at Law**
2120 L Street, NW, Suite 305
Washington, DC 20037
Telephone: 202.775.0050
Email: richardcbaker@aol.com


By: **/s/  Richard Carnell Baker**
Richard Carnell Baker (D.C. Bar 451190 and Virginia Bar 28854)

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

MATTHEW MCDONALD, et al.,

                           Plaintiffs,

v.

EDWARD G. ROBINSON, et al.,

                           Defendants.

                                          Case No.:  1:18-cv-00697-LMB/TCB

## CERTIFICATE OF SERVICE

     I hereby certify that on this **23RD DAY OF JULY, 2018**, a copy of the foregoing pleading was served upon Plaintiff's counsel VIA EMAIL as follows: Cathy A. Hinger (cathy.hinger@wbd-us.com) and Lela M. Ames, Womble Bond Dickson (US), LLP, 1200 19th Street, NW, Suite 500, Washington, DC 20036, and Defense Counsel for the McPhun Defendants: Laura Liff, Esq., 1751 Pinnacle Drive, Suite 1500, McLean, VA 22102

                                     **/s/ Richard Carnell Baker**