UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MATTHEW MCDONALD, <u>et al.</u>, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-00697 (LMB/TCB) |
| ) | |
| EDWARD G. ROBINSON, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiffs' Motion for Sanctions and Entry of Default Judgment Against Defendants Carla McPhun and Cadem Capital Group ("McPhun Defendants") (Dkt. 150) and this Court's Rule to Show Cause (Dkt. 159). The Court's Rule to Show Cause directed McPhun Defendants to appear before the undersigned magistrate judge on Friday, November 30, 2018, at 10:00 a.m. to show cause why the Court should not enter default judgment against them. After a representative for McPhun Defendants failed to respond to the Court's Rule to Show Cause or to appear before the Court on November 30, 2018, the undersigned U.S. Magistrate Judge stated that she would recommend an entry of default for McPhun Defendants. Upon a late filing by McPhun Defendants, the undersigned did not issue her Report & Recommendation ("R&R") and instead provided McPhun Defendants an opportunity to explain themselves at a hearing on December 21, 2018. However, after no representative for McPhun Defendants appeared at the hearing, the undersigned decided to proceed with issuing her R&R and recommend an entry of default for McPhun Defendants. The reasons for recommending an entry of default are stated below.

## I. INTRODUCTION

On June 8, 2018, Plaintiffs filed a Verified Complaint alleging, among other Counts, that McPhun Defendants as well as other named defendants violated the Racketeer Influenced and Corrupt Organizations ("RICO") Act. Plaintiffs allege that McPhun Defendants participated in an unlawful association-in-fact enterprise ("Enterprise") for purposes of defrauding Plaintiffs and other victims. The Enterprise convinced Plaintiffs to make short-term real estate investments through false promises of exceptional and guaranteed returns.

## II. STATEMENT OF FACTS

Upon a review of the pleadings and docket, the undersigned makes the following findings of fact.

On June 8, 2018, Plaintiffs filed their Verified Complaint (Dkt. 1). On July 13, 2018, Laura Lee Golden Liff filed a Notice of Appearance on behalf of McPhun Defendants (Dkt. 14). On July 27, 2018, McPhun Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 26). On August 17, 2018, McPhun Defendants filed a Partial Motion to Dismiss for Failure to State a Claim (Dkt. 37). On August 22, 2018, McPhun Defendants filed a Motion to Withdraw Its Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 49), which the Court granted on August 23, 2018 (Dkt. 52). The Court denied McPhun Defendants' Motion to Dismiss for Failure to State a Claim on September 7, 2018 (Dkt. 63). One week later, on September 14, 2018, counsel for McPhun Defendants filed a Motion to Withdraw as Counsel (Dkt. 67), which the Court granted three (3) days later (Dkt. 70).[1] After counsel withdrew, Ms. McPhun filed a motion for pro se e-noticing (Dkt. 77), which the Court granted on September 25, 2018 (Dkt. 78). The Order waived

---

1. After the withdrawal of counsel, Carla McPhun has proceeded pro se in this case. Additionally, Ms. McPhun has been allowed to represent Cadem Capital Group pro se as she is the sole owner. See Dynamis, Inc. v. Dynamis.com, 780 F. Supp. 2d 465, 469 (E.D. Va. 2011) ("[S]ole proprietors are entitled to represent their sole proprietorships pro se in litigation.") (citing RZS Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 (4th Cir. 2007)).

Ms. McPhun's right to service and notice by first class mail. The Order also required Ms. McPhun to register with PACER and immediately notify the Court of any change in email address.

Prior to the Court's denial of McPhun Defendants' Motion to Dismiss, the Court held an initial pre-trial conference on August 22, 2018. The Court entered a Rule 16(b) Scheduling Order that same day, approving the court-modified Joint Discovery Plan (Dkt. 51) ("JDP"). On September 5, 2018, the United States, an intervenor in this case, filed a Motion to Stay Discovery (Dkt. 58). The Government sought a stay, in part, as to McPhun Defendants because they anticipated that Carla McPhun would serve as a government witness in an upcoming related criminal trial. (Dkt. 58 at 4-5.) On September 17, 2018, the Court granted the Motion (Dkt. 71). The Order specified that as of "September 21, 2018, there shall be a partial stay of discovery prohibiting any party from taking discovery from [McPhun Defendants] … until after October 22, 2018." The Order also extended the discovery response deadline for McPhun Defendants from October 5, 2018 to November 22, 2018.

On behalf of McPhun Defendants, Ms. McPhun filed a Motion for Extension of Time to File an Answer (Dkt. 75), which the Court granted on September 25, 2018 (Dkt. 80). McPhun Defendants filed their Answer on October 2, 2018, in accordance with the Court's order (Dkt. 89).

On October 19, 2018, Plaintiffs filed a Motion to Compel McPhun Defendants to Make Initial Disclosures and Supplement Their Answer by November 2, 2018 (Dkt. 109) ("Mot. Compel") and a corresponding Memorandum in Support (Dkt. 110) ("Mem. Supp."). Plaintiffs' Motion raised two issues: (1) McPhun Defendants' Answer was "factually unjustified and suggest[ed] a lack of good faith" as McPhun Defendants refused to affirm allegations in the Complaint which were obviously true and (2) McPhun Defendants failed to make their Initial Disclosures. (Mem. Supp. at 2-3.) On November 2, 2018, the Court held a hearing on Plaintiffs'

3

Motion to Compel, at which no representative (including Ms. McPhun) for McPhun Defendants appeared. The Court granted Plaintiffs' Motion to Compel, requiring McPhun Defendants to serve their Initial Disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure and supplement their Answer with "truthful, accurate, and complete statements" by Thursday, November 8, 2018, at 5:00 p.m. (Dkt. 128). The Court also admonished McPhun Defendants that "failure to comply with this Court's Order, may result in sanctions, including the Court entering default judgment pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi)."

On November 9, 2018, Plaintiffs filed a Motion for Sanctions and Entry of Default Judgment against McPhun Defendants (Dkt. 150) ("Mot. Sanctions") and corresponding Memorandum in Support (Dkt. 150-1) ("Mem. Supp. Sanctions"). Plaintiffs' moved for sanctions after McPhun Defendants failed to supplement their Answer as well as serve their Initial Disclosures. (Mem. Supp. Sanctions at 2.) In their Memorandum, Plaintiffs argued that McPhun Defendants' actions were completely unjustified as Ms. McPhun's testimony in the related criminal trial concluded approximately three-and-half weeks prior to the Court-ordered deadline. (Id. at 4.) The Court held a hearing on Plaintiffs' Motion on November 16, 2018, at which (again) no representative, including Ms. McPhun, for McPhun Defendants appeared. At the hearing, the Court did not rule on Plaintiffs' Motion, but instead issued a Rule to Show Cause for McPhun Defendants to show cause why the Court should not enter default judgment against them (Dkts. 158-59). The Rule to Show Cause instructed McPhun Defendants to appear before the undersigned on November 30, 2018 (Dkt. 159).

Prior to the Show Cause hearing, Plaintiffs filed a supplemental Memorandum in Support of Plaintiffs' Motion for Sanctions (Dkt. 167) ("Suppl. Mem. Supp. Sanctions"). Plaintiffs informed the Court that, as of November 29, 2018, McPhun Defendants had "still not responded

4

to Plaintiffs' discovery requests, made any Initial Disclosures, or supplemented their Answers." (Id. at 3.) At the Show Cause Hearing, neither Ms. McPhun nor a representative for McPhun Defendants appeared. As a result, the undersigned stated that she would recommend an entry of default for McPhun Defendants.

On December 14, 2018, McPhun Defendants finally reappeared in the case, filing a Response to Motion for Default Judgment and Request for Extension of Time (Dkts. 189-90) ("Def.'s Res."). Per their response, McPhun Defendants pledged "to defend the current action and respond completely to discovery of the Plaintiffs." (Def.'s Res. at 1.) Additionally, McPhun Defendants offered a litany of excuses for their failure to comply with their discovery obligations and the Court's orders. Those explanations include (i) Ms. McPhun's "state of duress" due to her involvement in a related criminal matter; (ii) four (4) deaths in the family in the past six (6) weeks; (iii) two (2) emergency room visits; (iv) inability to login and view docket entries despite having registered with ECF ("Electronic Case Filing"); and (v) an inability to understand the meaning of some of Plaintiffs' filings. (Id. at 1-2.) Ms. McPhun also informed the Court that, as a condition of her probation, she was required to respond to discovery and had already begun doing so. (Id. at 2.) Upon receipt of McPhun Defendants' filing, the Court immediately entered an order directing McPhun Defendants to appear before the undersigned on Friday, December 21, 2018, at 10:00 a.m. (Dkt. 192). The Court also instructed Plaintiffs to file their response to McPhun Defendants' filings by Wednesday, December 19, 2018.

Plaintiffs timely filed their response (Dkt. 193) ("Pl.'s Opp'n"). Plaintiffs argued that McPhun Defendants' actions caused them "to suffer incurable prejudice." (Id. at 2.) As of December 19, 2018, McPhun Defendants still had not, despite a court order, (1) supplemented their Answer, (2) served their Initial Disclosures, or (3) responded to Plaintiffs' discovery requests.

(Id.) Additionally, Ms. McPhun failed to appear for her deposition, scheduled for December 14, 2018. (Id.)

On December 21, 2018, the Court held a hearing on Plaintiffs' Motion for Entry of Default Judgment. Shockingly, neither Ms. McPhun nor any representative appeared on behalf of McPhun Defendants. The undersigned intentionally called this action last to allow McPhun Defendants additional time to make their appearances. However, even though being directed to appear in court at 10:00 a.m., McPhun Defendants still had not appeared in the undersigned's courtroom by 10:30 a.m. Therefore, the undersigned issued an Order stating Plaintiffs' Motion for Default Judgment (Dkt. 184) would be taken under advisement and that discovery would be stayed pending further order of the Court.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Rule 37(b) authorizes a court to issue sanctions for failure to obey a discovery order, including an order under … [Rule] 37(a)." FED. R. CIV. P. 37(b)(2)(A). These sanctions include rendering a default judgment against the disobedient party. See FED. R. CIV. P. 37(b)(2)(A)(vi). Similarly, pursuant to Rule 16(f)(1), the Court may also issue sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii) on motion or on its own should a party fail "to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(C).

In determining what sanctions are appropriate under Rule 37(b), the Fourth Circuit instructs district courts to consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective."

Anderson v. Found. for Advancement, Educ. and Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998) (citation omitted).

## IV. ANALYSIS

An entry of default is appropriate in this instance as McPhun Defendants, by essentially abandoning this case through their failure to obey the Court's orders and refusal to appear in court, have materially and severely prejudiced Plaintiffs.

McPhun Defendants disobeyed several of the Court's discovery orders. The Court's September 17th Order only instituted a "partial stay of discovery" (Dkt. 71). The Order prevented any party from taking discovery from McPhun Defendants between September 21, 2018 and October 22, 2018. The Order also extended McPhun Defendants' response deadline to outstanding discovery requests from October 5, 2018 to November 22, 2018. However, the Order did not alter the JDP's deadline for Rule 26(a)(1) Initial Disclosures. Therefore, McPhun Defendants' disclosures were still due by 5:00 p.m. on September 21, 2018. (JDP ¶ 3.) Even if McPhun Defendants were confused by the full effect of the Court's Order, the Order of November 2, 2018 should have eliminated any confusion as the Court unambiguously instructed McPhun Defendants to serve their Initial Disclosures by November 8, 2018 or else face sanctions. Yet, McPhun Defendants failed to do so.

Moreover, the Court's Order staying discovery clearly stated that McPhun Defendants' responses to outstanding discovery requests were due by November 22, 2018. However, more than four (4) weeks later, McPhun Defendants have yet to answer Plaintiffs' discovery requests. Although the Court understands McPhun Defendants promise to comply with their discovery obligations, their continued inaction provides the undersigned with little confidence that their promise is a sincere one. Upon applying the Anderson factors, the undersigned believes sanctions

in the form of an entry of default is appropriate.

1. *Bad Faith*

The undersigned determines McPhun Defendants acted in bad faith by failing to comply with the Court's September 17, 2018 and November 2, 2018 discovery orders as well as the Court's Rule to Show Cause. In the Fourth Circuit, "bad faith includes willful conduct, where the party 'clearly should have understood his duty to the court' but nonetheless 'deliberately disregarded' it." Axiom Res. Mgmt., Inc. v. Alfotech Sols., LLC, No. 1:10-cv-1011, 2011 WL 2560096, at *7 (E.D. Va. June 3, 2011) (quoting Rabb v. Amatex Corp., 769 F.2d 996, 1000 (4th Cir. 1985)). Here, despite being directly instructed to comply with their discovery obligations on numerous occasions, McPhun Defendants failed to do so. The Court's November 2nd order clearly warned McPhun Defendants that failure to comply with the Court's orders could result in severe sanctions, including default judgment. Also, the Court's November 16th and December 14th orders both clearly stated the Court was considering entering default judgment against McPhun Defendants.

The undersigned appreciates that Plaintiff is proceeding pro se in this case. See White v. Lever, 5:09-cv-81-RLV-DCK, 2009 WL 4062878, at *1 (W.D.N.C. Nov. 20, 2009) ("Pro se litigants are entitled to some deference from courts." (citations omitted)). However, it is well settled that "[p]ro se litigants are not immune from any sanction by virtue of their status alone." Matthews v. Rational Wiki Found., No. 1:14-cv-257, 2017 WL 1129974, at *2 (E.D. Va. Mar. 24, 2017) (quoting Zaczek v. Fauquier Cty., Va., 764 F. Supp. 1071, 1076 (E.D. Va. 1991)). This Court has previously found pro se defendants acted in bad faith after they repeatedly ignored court orders. See, e.g., Mya Saray, LLC v. Al-Amir, 831 F. Supp. 2d 922, 933 (E.D. Va. 2011) ("The undersigned finds that the defendants have clearly demonstrated bad faith…. Notwithstanding the Court's direct order, Al–Amir missed both [discovery] deadlines, either filing late or failing to

provide anything resembling an adequate response.").

The Court warned McPhun Defendants on multiple occasions that they may face sanctions. The Court also provided McPhun Defendants with several opportunities to appear before the undersigned to offer an explanation for their delinquencies. However, they did not appear before the undersigned at the hearings held on November 2, November 16, November 30, or December 21. Furthermore, although Ms. McPhun offers a variety of excuses and explanations for McPhun Defendants' failures, the undersigned has reason to discount those excuses. As Plaintiffs point out in their brief, Ms. McPhun has a history of using familial tragedies to justify her inaction. (Pl.'s Opp'n at 16-17.) Moreover, Ms. McPhun may not have always demeaned herself before the Court, submitting what appear to be grossly misleading filings. (Id. at 12-14.) Finally, Ms. McPhun requested pro se e-noticing and, in doing so, waived her right to service and notice by first class mail. Quite frankly, Ms. McPhun's inability to open and read docket entries is the risk she took by requesting to use the Court's ECF system. Nonetheless, Ms. McPhun waited nearly three (3) months after requesting to receive notice via ECF to inquire with Court personnel regarding how to open and view docket entries. Also, again as Plaintiffs make clear, Ms. McPhun, in all likelihood, still had notice of the hearings held on November 2, November 16, and November 30 via the text of docket entries which are included when parties receive Notices of Electronic Filings ("NEFs"). (Id. at 14-16.) Putting all that aside, per Ms. McPhun's own representations, she could finally access the Court's ECF system and "see all filings and orders in its [sic] entirety" as least as early as December 14, 2018. (Def.'s Res. at 1.)[2] McPhun Defendants were obviously aware that the Court's December 14th order clearly directed them to appear before the undersigned on December 21, 2018. However, despite receiving a clear instruction from the Court, McPhun

---

2. In their response, McPhun Defendants also appear to reference being confused by a NEF sent on November 30, 2018. (Id. at 1-2.)

9

Defendants did not appear.

Therefore, the undersigned is left to conclude that McPhun Defendants acted in bad faith when they repeatedly failed to obey orders of this Court as well as honor their general discovery obligations.

2. *Prejudice to Plaintiffs*

The undersigned finds that McPhun Defendants' repeated noncompliance with the Federal Rules of Civil Procedure and orders of this Court have materially and significantly prejudiced Plaintiffs. Until this Court completely stayed discovery, critical deadlines for Plaintiffs were fast approaching, such as expert disclosures and close of discovery. (Pl.'s Opp'n at 7.) However, there were "dozens of witnesses" which Plaintiff desired to depose but were unable to because of McPhun Defendants' refusal to produce any discovery. (Id.) Moreover, McPhun Defendants' recalcitrant and bad faith approach to discovery prejudiced Plaintiffs as it impaired their ability to gather vital evidence with which to prove their case. Therefore, it is clear to the undersigned that McPhun Defendants' conduct has deprived Plaintiffs of their opportunity to obtain material, discoverable evidence necessary for their claims as well as completely frustrated Plaintiffs' ability to complete discovery by the court-ordered deadline. See Mya Saray, 831 F. Supp. 2d at 934.

Additionally, Plaintiffs expended considerable time and incurred significant monetary expenses due to Defendants' failures to comply with their discovery obligations, which required Plaintiffs to file multiple motions, appear in Court on four separate occasions, and file hundreds pages worth of briefs. See Hosch v. BAE Sys. Info. Sols., Inc., No. 1:13-cv-00825 (AJT/TCB), 2014 WL 1681694, at *6 (E.D. Va. Apr. 24, 2014). Accordingly, Defendants' unwillingness to engage in discovery in good faith has materially prejudiced Brooks.

3. *Need for Deterrence*

The undersigned finds that the need for deterrence weighs in favor of serious, severe sanctions. Courts must have the ability to effectively manage their cases, and parties are expected to take the Court's orders, instructions, and timelines seriously. "Continued contumacious behavior and abuse through non-compliance with [a Court's] orders cannot be tolerated. And with discovery's important role in modern litigation, *deterrence is greatly needed*." Flame S.A. v. Industrial Carriers, Inc., 39 F. Supp. 3d 752, 765 (E.D. Va. 2014) (emphasis added). As mentioned previously, the undersigned appreciates that Defendants are proceeding pro se in this matter. However, pro se parties are still subject to sanctions and cannot be allowed to make a mockery of the Court's authority. Defendants were ordered by the Court to appear for a hearing on multiple occasions and to produce discovery. However, with the exception of an eleventh-hour request, Defendants have not shown any indication that they intend to comply with their discovery obligations or the Court's orders. The Court cannot countenance complete disregard for its orders or the Federal Rules of Civil Procedure and must fashion sanctions with an appropriate amount of deterrent effect.

4. *Effectiveness of Less Drastic Sanctions*

Finally, the undersigned determines imposing any sanctions less than an entry of default would not be appropriate. In making this conclusion, the undersigned understands and takes into consideration the Fourth Circuit's instruction that since terminating sanctions "are the most severe, such orders must be entered with the greatest caution." United States v. Shaffer Equip. Co., 11 F.3d 450, 462 (4th Cir. 1993). However, the undersigned also recognizes "the need to preserve the integrity of the judicial process in order to retain confidence that *the process works to uncover the truth*." Projects Mgmt. Co. v. Dyncorp Int'l, LLC, 734 F.3d 366, 376 (4th Cir. 2013) (quoting

11

Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001)).

As noted, Plaintiffs are materially prejudiced due to Defendants' non-compliance. As the state of discovery stands now, Plaintiffs lack critical information with which to prosecute their case. Imposition of lesser sanctions will not cure this. See Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 93 (4th Cir. 1989) (affirming default judgment where district court rejected imposing "other sanctions such as partial summary judgment or preclusion of certain defenses because without the essential discovery materials, the case could be more difficult to try"). Although the Court did not first impose lesser sanctions, it made clear to McPhun Defendants early on that Default Judgment could be entered against them should they fail to obey the Court's orders. Additionally, as part of Ms. McPhun's probation, she is supposed to participate in discovery. Yet, nearly two weeks after sentencing, Ms. McPhun has not responded to Plaintiffs' discovery requests and completely ignored this Court's order to appear before the undersigned on December 21st. Therefore, the only "remedy that will prevent [McPhun Defendants] from engaging in additional nonsense is the entry of default." Mya Saray, 831 F. Supp. 2d at 934-35.

## V. RECOMMENDATION

For the aforementioned reasons, the undersigned U.S. Magistrate Judge recommends that Plaintiffs' Motion for Sanctions and Entry of Default Judgment Against Defendants Carla McPhun and Cadem Capital Group ("McPhun Defendants") (Dkt. 150) be GRANTED. Specifically, the undersigned recommends that the Clerk of the Court be directed to enter default for McPhun Defendants. Further, the undersigned recommends that Plaintiffs be directed to file a supplemental memorandum of law in support of their motion for default judgment (Dkt. 184), addressing specifically how they are entitled to relief under each Count of the Verified Complaint.

V. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to McPhun Defendants at the following addresses on record:

Carla Desilva McPhun
16913 Harbour Town Drive
Silver Spring, MD 20905

Cadem Capital Group
16913 Harbour Town Drive
Silver Spring, MD 20905

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

December 26, 2018
Alexandria, Virginia