IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MATTHEW McDONALD, et al., )
 )
Plaintiffs, )
 )
v. ) 1:18-cv-697 (LMB/TCB)
 )
EDWARD G. ROBINSON III, et al., )
 )
Defendants. )

MEMORANDUM OPINION

Before the Court is the magistrate judge's Report and Recommendation [Dkt. No. 196] (the "Report") recommending an entry of default against defendants Carla DeSilva McPhun ("McPhun") and Cadem Capital Group ("Cadem") (collectively, the "McPhun Defendants"). The McPhun Defendants have objected to the Report. For the reasons that follow, the Court will adopt the Report in full and direct the Clerk to enter default against the McPhun Defendants.

I.

Matthew McDonald ("McDonald") and McDHoldings, LLC ("MCDH") (collectively, "plaintiffs") initiated this civil action in June 2018, claiming that they had been victims of a fraudulent scheme involving sham real estate investments. They named as defendants the McPhun Defendants as well as Edward G. Robinson III ("Robinson"), Edward G. Robinson III Consulting, LLC ("EGIII"), Choice Management, LLC ("Choice"), and Christian E. D'Andrade ("D'Andrade"). One by one, most of the defendants have defaulted or have been dismissed from the case. The Clerk entered defaults as to Choice and D'Andrade in October 2018 [Dkt. Nos. 91 and 92], and the Court granted plaintiffs' motion to dismiss all claims against Robinson and

EGIII in December 2018 [Dkt. No. 179], leaving only McPhun and Cadem, which is the real estate investment trade name of which McPhun is the sole proprietor.

In April 2018, one of McPhun's business associates, Keisha L. Williams ("Williams"), was indicted for wire fraud in violation of 18 U.S.C. § 1343 and money laundering in violation of 18 U.S.C. § 1957.[1] See United States v. Williams, No. 1:18-cr-160 (E.D. Va. Apr. 11, 2018). Williams had masterminded a complex fraudulent scheme that continued for over three years and that ultimately resulted in her victims losing over $5.4 million. In September 2018, less than a month before Williams's trial was set to begin, the Government charged both McPhun and D'Andrade with wire fraud in connection with Williams's scheme. United States v. McPhun, No. 1:18-cr-333 (E.D. Va. Sept. 17, 2018); United States v. D'Andrade, No. 1:18-cr-332 (E.D. Va. Sept. 19, 2018). McPhun and D'Andrade negotiated plea bargains with the Government and agreed to testify at Williams's trial. As a result of her guilty plea, McPhun was convicted, sentenced to two years' supervised probation, and ordered to pay the mandatory $100 special assessment as well as $433,000 in restitution to victims. D'Andrade, in turn, was sentenced to three years' supervised probation and was ordered to pay the $100 special assessment along with $2,281,239 to victims.

Although plaintiffs claim to have been victims of Williams's scheme, they did not name her as a defendant and were not identified as victims in any of the criminal prosecutions of Williams, McPhun, or D'Andrade. Instead, plaintiffs moved for orders of restitution before McPhun and D'Andrade were sentenced. Neither McDonald nor MCDH was included as a

---

[1] A federal grand jury subsequently returned a superseding indictment adding counts charging Williams with conspiracy to impersonate a federal agent in violation of 18 U.S.C. §§ 371 and 912 and with obtaining confidential phone records in violation of 18 U.S.C. § 1039.

victim in McPhun's restitution order, although D'Andrade's restitution order provides that MCDH is entitled to recover $68,000 from D'Andrade.[2]

Turning to this civil action, plaintiffs served the McPhun Defendants with process in July 2018 [Dkt. Nos. 6 and 8], and shortly thereafter attorney Laura Golden Liff ("Liff") of Miles & Stockbridge P.C. entered an appearance on their behalf [Dkt. No. 14]. The McPhun Defendants sought and were granted a two-week extension of time in which to file a responsive pleading [Dkt. No. 18], after which they timely filed a motion to dismiss for lack of personal jurisdiction [Dkt. No. 26]. They subsequently moved to dismiss for failure to state a claim [Dkt. No. 37] and withdrew their prior motion [Dkt. No. 49]. The motion was denied on September 7, 2018 [Dkt. No. 63], and the case proceeded to discovery.

On September 14, 2018, Liff moved to withdraw her appearance as counsel for the McPhun Defendants [Dkt. No. 67], explaining that the McPhun Defendants had "failed to substantially fulfill an obligation" to her and that "continuing to represent [them would] result in an unreasonable financial burden" [Dkt. No. 68]. The motion was granted three days later [Dkt. No. 70]. From that point onward, McPhun has represented herself and Cadem pro se.[3]

---

[2] Plaintiffs' motion sought a minimum of $663,000 and up to $879,000 from D'Andrade.

[3] "[S]ole proprietors are entitled to represent their sole proprietorships pro se in litigation." Dynamis, Inc. v. Dynamis.com, 780 F. Supp. 2d 465, 469 (E.D. Va. 2011). As a pro se litigant, McPhun moved for, and was granted, the ability to receive notice of all filings via CM/ECF; as part of that motion, she waived receipt of all pleadings by first-class mail and promised to notify the Court immediately in the event her email address changed [Dkt. No. 78].

Because this Court adjudicated McPhun's criminal prosecution, the Court is familiar with McPhun's background: She has a bachelor's degree in business administration and has worked as a systems analyst for a government contractor and a consultant at a mortgage company. In 2010, she founded Cadem, a modest real estate investment operation.

The McPhun Defendants have repeatedly failed to comply with discovery rules, deadlines, and the magistrate judge's orders. On October 19, 2018, plaintiffs moved to compel the McPhun Defendants to make their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and to supplement or correct their answer to plaintiffs' complaint [Dkt. No. 109]. The magistrate judge held a hearing on plaintiffs' motion to compel on November 2, 2018, at which McPhun did not appear [Dkt. No. 126].[4] The magistrate judge granted plaintiffs' motion and ordered the McPhun Defendants to make their initial disclosures and supplement or correct their answer "with truthful, accurate, and complete statements" no later than close of business on November 8, 2018 [Dkt. No. 128]. The Order also warned the McPhun Defendants that failure to comply with the Order's terms "may result in sanctions, including the Court entering default judgment against them."

The McPhun Defendants did not comply with the Order. As a result, on November 9, 2018, plaintiffs moved for sanctions and an entry of default against the McPhun Defendants [Dkt. No. 150]. Plaintiffs noticed a hearing on their motion for November 16, 2018, but McPhun again failed to appear [Dkt. No. 158]. Accordingly, the magistrate judge ordered the McPhun Defendants to appear before her on November 30, 2018 "to show cause why the Court should not enter default judgment against them" [Dkt. No. 159]. McPhun again failed to appear at the show cause hearing, and the magistrate judge indicated she would take plaintiffs' motion under advisement and recommend an entry of default against the McPhun Defendants as a sanction under Federal Rule of Civil Procedure 37.

---

[4] Plaintiffs' motion to compel included a notice that the motion would be heard on November 2, 2018, and a docket notation entered on October 22, 2018 confirmed that the hearing would take place before the magistrate judge on November 2, 2018.

4

On December 10, 2018, McPhun was sentenced by this Court for her involvement with the Williams case. An explicit condition of the probationary sentence McPhun received was that she would "respond to all legitimate discovery requests and court orders in the related civil case." McPhun, No. 1:18-cr-331 (E.D. Va. Dec. 10, 2018).

On December 13, 2018, plaintiffs moved for default judgment against the McPhun Defendants as well as Choice and D'Andrade [Dkt. No. 184]. The following day, McPhun responded to plaintiffs' motion for default judgment and requested an extension of time to comply with the magistrate judge's orders [Dkt. Nos. 189 and 190]. McPhun explained that she "ha[d] been functioning in a state of duress" due to the criminal prosecution as well as various health issues in her family and that as a result "[i]t ha[d] been difficult for [her] to keep up." She also claimed that although she had received electronic notice of all new docket entries since late September 2018, she had been unable to view any of the documents or filings but had since received training from the Clerk's office that "walked [her] through" how to access those documents. Finally, she argued that she had lacked a "proper understanding" of the terms "in portions of Plaintiffs['] filings" and had mistakenly thought that her discovery obligations had ceased after she retained counsel in mid-November in hopes of reaching a settlement with plaintiffs.[5] In response, the magistrate judge ordered the McPhun Defendants to appear for another show-cause hearing on December 21, 2018 [Dkt. No. 192].

The magistrate judge held a hearing on December 21, but once again McPhun failed to appear, and no other representative appeared on behalf of the McPhun Defendants [Dkt. No. 194]. Accordingly, the magistrate judge issued an order in which she denied the McPhun

---

[5] The counsel the McPhun Defendants identified in their pleading, Jonathan Oates, has never entered an appearance on their behalf.

Defendants' motion for an extension of time, took plaintiffs' motion for default judgment under advisement, stayed further discovery in the case, and prohibited the McPhun Defendants from "supporting or opposing any claims or defenses as well as introducing any evidence at trial" under Federal Rule of Civil Procedure 37(b)(2)(A)(ii) [Dkt. No. 195]. Five days later, the magistrate judge issued the Report at issue here [Dkt. No. 196], in which she detailed the foregoing and recommended sanctions in the form of an entry of default.[6]

The McPhun Defendants have filed an objection to the magistrate judge's Report. McPhun principally attributes the McPhun Defendants' failures to comply with deadlines and the magistrate judge's orders to her pro se status, stating that she lacks "full knowledge and etiquette of the law" and that "it is overwhelming to manage this case without legal assistance." McPhun denies willfully disregarding the magistrate judge's orders, insisting that any "neglect resulted from lack of legal knowledge, practices and procedures." With respect to not attending the December 21 hearing, McPhun claims that she "missed" the electronic notification of the hearing date and did not learn of the hearing "until it was too late." Finally, McPhun requests a continuance based on her hope that she and Cadem might reach a settlement with plaintiffs.

II.

A federal district court's review of a magistrate judge's findings and recommendations is de novo as to "those portions of the magistrate judge's report to which a specific objection has been made," Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003) (per curiam); see 28 U.S.C.

---

[6] Although plaintiffs had moved for the entry of a default judgment, the magistrate judge recommended that the Clerk enter a default against the McPhun Defendants and then that plaintiffs be directed "to file a supplemental memorandum of law in support of their motion for default judgment . . . , addressing specifically how they are entitled to relief under each Count of the Verified Complaint." Report 12.

§ 636(b)(1); however, "de novo review [is] unnecessary . . . when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The McPhun Defendants do not squarely dispute any of the magistrate judge's findings; rather, they express "remorse[]" and "plead with the court" for a continuance or an extension rather than an entry of default or other sanction. Under these circumstances, the Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).[7]

The Federal Rules of Civil Procedure enable federal district courts to enforce the discovery rules and their own orders through a variety of possible sanctions, including by "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). District courts in this circuit employ a four-part test to determine which, if any, sanctions are appropriate in the event of noncompliance with discovery rules or orders, considering "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998). The decision to sanction a party for noncompliance with discovery rules or orders is reviewable only

---

[7] Even if the Court's review were de novo, the outcome here would be no different, as the Court has independently reviewed the relevant pleadings and docket entries and wholly concurs with the findings and recommendations of the magistrate judge.

for abuse of discretion. <u>Wilson v. Volkswagen of Am., Inc.</u>, 561 F2d 494, 505-06 (4th Cir. 1977).

The Court adopts in full the magistrate judge's conclusion that an entry of default is the appropriate sanction given the McPhun Defendants' repeated and flagrant noncompliance with the Federal Rules and with the Court's orders. The McPhun Defendants repeatedly failed to make their initial disclosures and did not comply with the magistrate judge's order to supplement or correct their answer, just as they repeatedly failed to appear before the magistrate judge despite having received electronic notice well in advance of the hearing dates. Those failures continued even after this Court made clear, as an explicit condition of McPhun's probationary sentence in her criminal case, that she (on behalf of herself and as Cadem's representative) was required to comply with all discovery rules and orders in the civil case. The repeated, ongoing violations, together with the lack of proactivity McPhun consistently displayed, indicate that the McPhun Defendants' noncompliance was due not to the complex nature of federal litigation but rather to bad faith. Nor is it the case that the McPhun Defendants' actions were harmless. To the contrary, their refusal to comply with the deadlines and with the discovery rules severely undercut plaintiffs' ability to obtain discoverable evidence necessary to prosecute their claims, and instead plaintiffs had to expend valuable resources attempting to hale the McPhun Defendants into court so that they might abide by the basic procedural rules. Finally, the Court wholly agrees that there is a paramount need to deter litigants from the type of dilatory behavior exhibited by the McPhun Defendants and that the time has long passed for less drastic sanctions to be effective.

The gravamen of the McPhun Defendants' response to the magistrate judge's Report is that their <u>pro se</u> status should rescue them from the consequences of their noncompliance. This

argument is unavailing. "Although trial courts are encouraged to liberally treat procedural errors made by pro se litigants, especially where a technical or arcane procedural rule is involved, such tolerance does not extend to a litigant's failure to appear in court without explanation or without contacting the court beforehand." Bauer v. Comm'r, 97 F.3d 45, 49-50 (4th Cir. 1996) (per curiam). For this reason, pro se parties "are not immune from any sanction by virtue of their status alone," Zaczek v. Fauquier County, 764 F. Supp. 1071, 1076-77 (E.D. Va. 1991), and "they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible," Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989). Moreover, McPhun is an educated woman who ran her own real estate investment business and thus had the intellectual capacity to understand her obligation to follow court orders and to appreciate the warnings about possible sanctions for failure to follow those orders. Accordingly, entry of default is an appropriate response to the McPhun Defendants' conduct in this litigation.

III.

For the reasons stated above, plaintiffs' motion for sanctions and an entry of default against the McPhun Defendants will be granted in part by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 10th day of January, 2019.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge