# EXHIBIT 1

| Transaction | Contracting Party | Date of Execution | (1) Legally Enforceable Obligation | (2) Violation Or Breach Of That Obligation | (3) Injury Caused By The Breach [1] |
|---|---|---|---|---|---|
| **ELEMENTS OF BREACH OF CONTRACT FOR INVESTMENTS 7-12** ||||||
| Investment 7 | McPhun and Cadem | 04/19/17 | McPhun and Cadem have a legally enforceable obligation to MCDH pursuant to the Investment 7 Agreement. On April 19, 2017, McPhun's agent Robinson e-mailed McDonald an "Investment Partnership Agreement" executed by McPhun bearing a fraudulent Brooklyn address for Cadem. (Doc. 1, ¶ 129.) On April 19, 2017, McDonald signed the Investment 7 Agreement and emailed it back to Robinson. (*Id.*, ¶ 130.) | MCDH alleges that McPhun and Cadem breached their obligations to MCDH by (1) failing to repay MCDH by the contractually agreed deadline, (2) failing to provide the contractually agreed return on investment, and (3) never using MCDH's $220,000 investment to purchase or develop any real property. (Doc. 1, ¶¶ 142-44.) | MCDH was damaged in the amount of $308,000, the amount of MCDH's initial investment, plus the unpaid contractually guaranteed return of $88,000. (Doc. 1, ¶¶ 131, 142-44.) |
| Investment 8 | D'Andrade | 05/17/17 | D'Andrade has a legally enforceable obligation to MCDH pursuant to the Investment 8 Agreement. On May 17, 2017, D'Andrade's agent Robinson sent McDonald a contract (the "Investment 8 Agreement"), which was written on letterhead for D'Andrade's company, CBX Technologies, Inc., and signed by D'Andrade. (Doc. 1, ¶ 156.) The Investment 8 Agreement memorializes MCDH's $10,000 investment with D'Andrade in exchange for a guaranteed return of 100% and repayment of $20,000 on or before June 16, 2017. On May 17, 2017, MCDH wired $10,000 to D'Andrade's account with Bank of the West. (*Id.*, ¶ 157-58.) | MCDH alleges that D'Andrade breached his obligations to MCDH by (1) failing to repay MCDH by the contractually agreed deadline, and (2) failing to provide the contractually agreed return on investment. (Doc. 1, ¶¶ 159, 163-64.) | MCDH was damaged in the amount of $20,000, the amount of MCDH's initial investment, plus the unpaid contractually guaranteed return of $10,000. (Doc. 1, ¶ 163.) |

---

[1] The damages amounts identified here do not include prejudgment interest, which is calculated from Exhibit 1 to the McDonald Damages Affidavit. (Doc. 185-4, at 5-12, Ex. 1.)

| | | | | | |
|---|---|---|---|---|---|
| Investment 9 | D'Andrade | 06/05/17 | D'Andrade has a legally enforceable obligation to MCDH pursuant to the Investment 9 Agreement.  Pursuant to the terms of the Investment 9 Agreement, "The Principals of the 'Chris D'Andrade Project'" agreed to pay McDonald a total of $136,000 on or before June 12, 2017.  That amount consisted of MCDH's principal investment of $73,000, as well as the contractually agreed 100% return thereon.  The Investment 9 Agreement further states that all funds owed pursuant to its terms "will be secured under the guarantees of [D'Andrade], owner of CBX Technologies, INC." (Doc. 1, ¶ 172.)  On June 5, 2017, McDonald signed the Investment 9 Agreement on behalf of MCDH and e-mailed it to Robinson, who stated in a June 5 e-mail to McDonald that he would take it to D'Andrade for his signature. (*Id*., ¶ 176.) | MCDH alleges that D'Andrade breached his obligations to MCDH by (1) failing to repay MCDH by the contractually agreed deadline, and (2) failing to provide the contractually agreed return on investment. (Doc. 1, ¶ 178.) | MCDH was damaged in the amount of $172,000, the amount of MCDH's initial investment, plus the unpaid contractually guaranteed return of $73,000, and $26,000 in penalties. (Doc. 1, ¶¶ 172-73.) |
| Investment 10 | McPhun | 07/07/17 | McPhun has a legally enforceable obligation to MCDH pursuant to the Investment 10 Agreement.  On July 7, 2017, MCDH and McPhun entered into a "Secured Investment Agreement" pursuant to which MCDH loaned McPhun $180,000 in exchange for McPhun's agreement to pay MCDH $288,000 within 60 days from the date of the contract, for a return on investment of $108,000. (Doc. 1, ¶ 189.) | MCDH alleges that McPhun breached her obligations to MCDH by (1) failing to repay MCDH by the contractually agreed deadline, and (2) failing to provide the contractually agreed return on investment. (Doc. 1, ¶¶ 189, 196.) | MCDH was damaged in the amount of $288,000, the amount of MCDH's initial investment, plus the unpaid contractually guaranteed return of $108,000. (Doc. 1, ¶¶ 188-196.) |

| | | | | | |
|---|---|---|---|---|---|
| Investment 11 | McPhun and Choice Management | 08/07/17 | McPhun and Choice Management have a legally enforceable obligation to MCDH pursuant to the Investment 11 Agreement. On August 7, 2017, MCDH and McPhun, as the President of Choice Management, entered into another investment agreement (the "Investment 11 Agreement") pursuant to which MCDH agreed to invest $160,000 with McPhun in exchange for McPhun's promise to pay MCDH a minimum of $900,000, up to the full $1,372,365 owed to Plaintiffs "as a return on all initial investments related to 'Chris Dandre [sic] Project' or made separately with [McPhun] on or before Sept. 18, 2017." (Doc. 1, ¶ 203.) | MCDH alleges that McPhun and Choice Management breached their obligations to MCDH by (1) failing to repay MCDH by the contractually agreed deadline, and (2) failing to provide the contractually agreed return on investment. (Doc. 1, ¶ 211.) | MCDH was damaged in the amount of at least $256,000, the amount of MCDH's initial investment, plus the unpaid contractually guaranteed return of $96,000. (Doc. 1, ¶¶ 207, 211.) |
| Investment 12 | McPhun | 12/27/17 | McPhun has a legally enforceable obligation to MCDH pursuant to the Investment 12 Agreement. On December 27, 2017, MCDH and McPhun entered into a "Contractual Agreement" pursuant to which MCDH agreed to loan McPhun $56,000 in exchange for her agreement to pay a 20% return on investment for a dollar amount of $11,200 within nine (9) business days of the date of the "Contractual Agreement" (the "Investment 12 Agreement"). (Doc. 1, ¶ 214.) | MCDH alleges that McPhun breached her obligations to MCDH by (1) failing to repay MCDH by the contractually agreed deadline, and (2) failing to provide the contractually agreed return on investment. (Doc. 1, ¶¶ 218-19.) | MCDH was damaged in the amount of $67,200, the amount of Plaintiffs' initial investment plus the contractually guaranteed 20% return. (Doc. 1, ¶¶ 217-19.) |
| | | | | **TOTALS** | **$ 1,111,200** |